**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DANIEL MALCOLM PEARSON,

        Petitioner,

v.                                        Case No:  6:15-cv-81-Orl-40DAB

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS
and ATTORNEY GENERAL, STATE OF
FLORIDA,

        Respondents.
_____/

## ORDER

This cause is before the Court on the Amended Petition for Writ of Habeas Corpus ("Amended Petition," Doc. 42) filed by Petitioner pursuant to 28 U.S.C. § 2254. Respondents filed a Response to Petition ("Response," Doc. 44) in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts*. Petitioner filed a Reply (Doc. 47) to the Response.  For the reasons set forth herein, the Amended Petition is denied.

### I.    PROCEDURAL BACKGROUND

The State Attorney of the Ninth Judicial Circuit charged Petitioner by information in Orange County, Florida with two counts of sexual battery with a deadly weapon or physical force (counts one and two), armed burglary of a dwelling with a firearm (count three), and aggravated assault with a firearm (count four).  (Doc. 24-1 at 43-47).   A jury found Petitioner not guilty as to count one, guilty of the lesser-include offense of sexual battery as to count two, guilty of the lesser included offense of burglary of a dwelling as

to count three, and guilty of the lesser included offense of assault as to count four. (Doc. 24-2 at 11-17). The trial court adjudicated Petitioner guilty of the offenses and sentenced him to imprisonment for a total term of thirty years. (*Id.* at 22-24, 44-49). The trial court sentenced Petitioner as a Prison Release Reoffender and Habitual Felony Offender. Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal ("Fifth District"), which affirmed *per curiam*. (Doc. 24-6 at 26).

Petitioner next filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, which the trial court struck with leave to amend. (Doc. 24-7 at 20-22). Petitioner then filed a second Rule 3.850 motion, which the trial court denied as legally insufficient. (*Id.* at 47-48). Petitioner filed a third Rule 3.850 motion, which the trial court denied as untimely. (*Id.* at 106-07). The Fifth District dismissed the appeal for lack of jurisdiction. (*Id.* at 110).

Petitioner also filed Motion to Correct Illegal Sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), which the trial court granted in part and denied in part. (Doc. 24-8 at 41-44). The motion was granted to the extent that Petitioner's sentence was amended to reflect 15 years' imprisonment as a Prison Release Reoffender and 30 years' imprisonment as a Habitual Felony Offender as to each of counts two and three. The Fifth District affirmed *per curiam*. (*Id.* at 57).

## II.   LEGAL STANDARDS

### A.   Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

>   (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>   (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[1]  *Id.*

---

[1] In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B.  Standard for Ineffective Assistance of Counsel

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[2] *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989)

---

U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

[2] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

4

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III.  ANALYSIS

#### A.  Claim One

Petitioner argues that trial counsel was ineffective because a "forged document" was "produced in Petitioner's procedural format." (Doc. 1 at 4). In support of this document, Petitioner attached a motion to continue as Exhibit A, which appears to be a document signed by Petitioner's counsel. In the document, Petitioner's counsel does not object to a motion to continue.

This claim was raised in Petitioner's Rule 3.850 motion and was denied; however, this claim was not raised in the subsequent appeal of the denial of Rule 3.850 relief. The failure to appeal the denial results in a procedural default. *See Leonard v. Wainwright*,

5

601 F.2d 807, 808 (5th Cir. 1979) (exhaustion requires not only the filing of a Rule 3.850 motion, but also an appeal of its denial).

There are two exceptions to the procedural default bar. The first is the "cause and prejudice" exception; the second, which is a narrow one, is the "actually innocent" exception, also known as the "fundamental miscarriage of justice" exception, used in extraordinary circumstances. *See Johnson v. Singletary*, 938 F.2d 1166, 1174-75 (11th Cir. 1991).

The Supreme Court of the United States has held that if "a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim. . ." when (1) "the state courts did not appoint counsel in the initial-review collateral proceeding" or (2) "appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective" pursuant to *Strickland*. *Martinez v. Ryan*, 132 S. Ct. 1309, 1318 (2012). However, the *Martinez* decision "does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons." *Id*. at 1320. Therefore, Petitioner cannot demonstrate cause, and he has failed to demonstrate prejudice. Likewise, Petitioner has not shown the applicability of the actually innocent exception. As a result, this claim is denied.[3]

---

[3] The Court also finds that Petitioner's allegations are vague and lack specificity to demonstrate that counsel was ineffective with regard to this matter. Petitioner has failed to show that any documents were "forged," and counsel filed two notices of expiration of speedy trial and a demand for speedy trial. Counsel also moved for discharge and

### B. Claim Two

Petitioner states that his appellate counsel was ineffective for not obtaining the transcript of the jury selection. It does not appear that this claim was raised with the state courts.

Since this claim was not raised with the state trial courts, it is procedurally barred. In the present case, Petitioner has neither alleged nor shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actual innocence exception. A review of the record reveals that the Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, claim two procedurally barred.

Further, there is no indication or allegation that there were any issues concerning jury selection. Trial counsel did not delineate such in the judicial acts to be reviewed, and the trial court denied transcription of voir dire. (Doc. 24-2 at 58-59, 66). Petitioner does not allege any facts in support of his claim that he was prejudiced by the failure to have a transcript of the jury selection. As a result, Petitioner fails to show that appellate counsel acted deficiently with regard to this matter or that he sustained prejudice, and claim two is without merit.

### C. Claim Three

---

disagreed in writing with the trial court's determination that speedy trial had been waived. Thus, this claim is also denied on the merits.

Petitioner argues that counsel was ineffective, but, instead of alleging facts in support of such ineffectiveness, he argues that the evidence presented at trial did not support his conviction.

This claim was raised in Petitioner's Rule 3.850 motion and was denied; however, this claim was not raised in the subsequent appeal of the denial of Rule 3.850 relief. The failure to appeal the denial results in a procedural default. Petitioner has not shown cause, and he has failed to demonstrate prejudice. Likewise, Petitioner has not shown the applicability of the actually innocent exception. As a result, this claim is denied.

### D.  Claim Four

Petitioner alleges that there was "fundamental manifest injustice" in his case. (Doc. 42 at 22). He states that two documents were "forged," which denied him a fair trial and direct appeal. (*Id.*).

It appears that this claim was raised in Petitioner's Rule 3.850 motion. It is procedurally barred since Petitioner did not appeal the denial, and he has not shown the applicability of any exceptions.

Further, Petitioner's allegations with regard to this claim are difficult to decipher. However, the Court finds that Petitioner has failed to demonstrate that these documents were forged or that these documents in any manner prejudiced his case. Consequently, claim four is denied.

### E.  Claim Five

Petitioner states that counsel was ineffective for failing "to provide his client with confrontation of the victim's son, where this depriving the jury of testimony that would

have shown a consensual relationship and that the alleged victim never acted in duress while in the presence of petitioner." (*Id.* at 23).

It appears that this claim was raised in Petitioner's Rule 3.850 motion. It is procedurally barred since Petitioner did not appeal the denial, and he has not shown the applicability of any exceptions.

Further, the law does not favor ineffective assistance of counsel claims based on complaints of uncalled witnesses. *See Gasanova v. United States,* 2007 WL 2815696, at *9 (W.D. Tex. September 6, 2007) (citations omitted) (footnotes omitted). The presentation of witness testimony is essentially strategy, and it is, therefore, within trial counsel's domain. *Id.* Mere speculation as to the testimony an uncalled witness would have given is too uncertain. *Id.* A petitioner cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim. *Id.* In the case of an uncalled witness, at the very least, the petitioner must submit an affidavit from the uncalled witness stating the testimony he or she would have given had they been called at trial. *Id.* To show prejudice, the petitioner must show not only that the uncalled witness's testimony would have been favorable, but also that the witness would have testified at trial. *Id.* Here, Petitioner fails to meet the prejudice prong of *Strickland* since he has not demonstrated that the testimony of this witness would have been favorable or that this witness would have actually testified at trial. Consequently, claim five is denied.

**F.    Claim Six**

Petitioner alleges that the trial court improperly sustained the prosecutor's objections to certain questions asked by his counsel during the cross-examination of the victim and Detective Graves.

It appears that this claim was raised in Petitioner's first Rule 3.850 motion. It is procedurally barred since Petitioner did not appeal the denial, and he has not shown the applicability of any exceptions.

Further, "[f]ederal habeas corpus relief based on evidentiary rulings will not be granted unless it goes to the fundamental fairness of the trial." *McCoy v. Newsome*, 953 F.2d 1252, 1265 (11th Cir. 1992); *see also Tejada v. Dugger*, 941 F.2d 1551, 1560 (11th Cir. 1991) ("[w]e review questions of state law in federal habeas proceedings only to determine whether the alleged errors were so critical or important to the outcome of the trial to render `the entire trial fundamentally unfair.'"). The state trial error must have been "material in the sense of a crucial, critical, highly significant factor." *Tejada*, 941 F.2d at 1560 (quotation omitted) (citations omitted); *see also Shaw v. Boney*, 695 F.2d 528, 530 (11th Cir. 1983) (generally, a federal court will not review a state trial judge's rulings with respect to the admissibility of evidence; an erroneous ruling alone does not warrant habeas corpus relief).

In the present case, Petitioner has not demonstrated that the trial court's ruling with regard to this matter was erroneous or that the ruling deprived him of a fundamentally fair trial. Moreover, Petitioner has failed to establish that the alleged error by the trial court with regard to this matter had a "substantial and injurious effect or influence in

10

determining the jury's verdict." *See Brecht v. Abrahamson*, 507 U.S. 619, 622 (1993). Thus, claim six must fail.

### G.    Claim Seven

Petitioner states that counsel was ineffective for failing to ensure a speedy trial. It appears that this claim was raised in Petitioner's first Rule 3.850 motion. It is procedurally barred since Petitioner did not appeal the denial, and he has not shown the applicability of any exceptions.

Further, Petitioner's counsel filed demands for discharge and speedy trial, together with notices of expiration of speedy trial, and there was a hearing on speedy trial. (Doc. 24-1 at 65-67, 70-71, 74-78; Doc. 24-2 at 72-79). After hearing argument from the parties, the trial court determined that speedy trial had been waived. (Doc. 24-2 at 74).

Petitioner has failed to establish that there was a speedy trial violation or that counsel acted deficiently in preserving Petitioner's speedy trial rights. Further, there has been no showing of prejudice. Consequently, claim seven is denied.

### H.    Claim Eight

Petitioner argues that trial counsel was ineffective for failing to compel the prosecutor to provide the defense with timely discovery. It appears that this claim was raised in Petitioner's first Rule 3.850 motion. It is procedurally barred since Petitioner did not appeal the denial, and he has not shown the applicability of any exceptions.

Further, Petitioner's counsel specifically argued that, because the discovery was late, the continuances should have been charged to the State and, thus, there was a speedy trial violation. (Doc. 24-2 at 73-74). In addition, Petitioner has not demonstrated

prejudice with regard to this matter. As Petitioner has failed to meet the *Strickland* standard, claim eight is denied.

### I.      Claim Nine

Petitioner argues that there was a "misuse of government power" in violation of "color of law." (Doc. 42 at 27). He appears to argue that there was conspiracy to deprive him of a fair trial. The Court finds that Petitioner has failed to demonstrate that there was any "misuse of government power" in his case, and claim nine is denied.

Allegations not specifically addressed herein are without merit.

### IV.      CERTIFICATE OF APPEALABILITY

This Court should grant an application for a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). However, the petitioner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner fails to demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner fails to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

### V.      CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Amended Petition for Writ of Habeas Corpus (Doc. 42) is **DENIED**.

2. This case is **DISMISSED with prejudice**.

3. Petitioner is **DENIED** a certificate of appealability in this case.

4. The Clerk of the Court is directed to enter judgment in favor of Respondents and to close this case.

**DONE** and **ORDERED** in Orlando, Florida on December 6, 2016.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party
OrlP-2 12/6